RAK–REE ENTERPRISES, INC., Appellee,

v.

TIMMONS, Appellant;

Farm Credit Services of Mid–America, ACA, Appellee.

[Cite as *Rak–Ree Enterprises, Inc. v. Timmons* (1995), 101 Ohio App.3d 12.]

Court of Appeals of Ohio,
Fourth District, Pickaway County.

Nos. 94 CA 8, 94 CA 10 and 94 CA 14.

Decided Feb. 6, 1995.

*Wright & Logan Co., L.P.A.,* and *J. Anthony Logan,* for appellee Rak–Ree Enterprises.

*John Caldwell Timmons, pro se.*

*John E. Bowers,* for appellee Farm Credit Services.

· *Per Curiam.*

This is a consolidated appeal from three Pickaway County Common Pleas Court judgments in a foreclosure action brought against John Caldwell Timmons, defendant below and appellant herein. In case No. 94 CA 8, appellant appeals the Pickaway County Clerk of Court's March 29, 1994 order of sale directed to the Pickaway County Sheriff. In case No. 94 CA 10, appellant appeals the trial court's April 14, 1994 deficiency judgment. In case No. 94 CA 14, appellant appeals the trial court's May 19, 1994 order of confirmation and distribution.

Appellant assigns the following two errors in case No. 94 CA 10, his appeal from the deficiency judgment:

FIRST ASSIGNMENT OF ERROR:

"Pursuant to Rule 7 of the Ohio Rules of Civil Procedure, an application to the court for an order shall be by motion which shall be made in writing."

SECOND ASSIGNMENT OF ERROR:

"The judgment was made for the plaintiff in violation of the material facts in this action."

Appellant assigns the following four errors in case No. 94 CA 14, his appeal from the order of confirmation and distribution:

FIRST ASSIGNMENT OF ERROR:

"The wrong date was advertised for this sale. The date advertised was for Tuesday, May 28, 1993 but was actually held Tuesday, May 29, 1994."

SECOND ASSIGNMENT OF ERROR:

"A valid judgment did not exist for one of the creditors and no certification was made that there was no just reason for delay pursuant to the Civil Rules of Procedure, Rule 54(B)."

THIRD ASSIGNMENT OF ERROR:

"The order of sale did not have the signature of the court."

. FOURTH ASSIGNMENT OF ERROR:

"The order of sale did not have a proper time stamp to indicate the date of issue for the order."

Appellant did not file a brief in case No. 94 CA 8, his appeal from the clerk of court's order of sale. We note, however, that appellant's last two assignments of error in case No. 94 CA 14 relate to the clerk of court's order of sale.

Rak–Ree Enterprises, Inc., plaintiff below and appellee herein ("Rak–Ree"), commenced this foreclosure action more than eight years ago on July 21, 1986. Defendants in the action included appellant and holders of interests in the land. On April 7, 1993, defendant Columbus Production Credit Association won a judgment on a cross-claim against appellant for $130,271.85. Farm Credit Services of Mid–America, ACA ("Farm Credit Services") now holds the interest and position formerly held by Columbus Production Credit Association in this action.

Appellant's bankruptcy actions stayed the proceedings in this action on three occasions. On June 18, 1993, the trial court entered a judgment decree in foreclosure. The decree provided in pertinent part as follows:

"There is now due and owing to Plaintiff on the mortgage promissory note executed by Defendant, John Caldwell Timmons, the sum of One Hundred Thirty–Thousand Two Hundred Seventy–One and 85/100 Dollars ($130,271.85), plus interest at an adjustable rate of accruing [sic] after April 6, 1993.

" * * *

"NOW THEREFORE, it is ORDERED, ADJUDGED and DECREED * * * that unless Defendant, John Caldwell Timmons, pays or causes to be paid the costs of this action and the amounts aforesaid found to be due and owing * * *, the equity of redemption of said Defendant in the real estate to which he holds title shall be cut off, barred and foreclosed, and said real estate sold free and clear of any lien, claim or interest of Cross-claimant, Plaintiff or the Defendants of whatever nature or kind, and for an Order of Sale to be issued to the Sheriff of Pickaway County, Ohio, directing him to appraise, advertise and sell said real estate according to law * * *."

On April 4, 1994, the Pickaway County Clerk of Courts issued an order of sale directing the Pickaway County Sheriff to appraise, advertise, and sell the land in question. The sheriff's return on the order of sale indicated that the appraisers valued the land at $200,000, and the sheriff sold the land for $205,000 on March 29, 1994.

Five days prior to the sheriff's sale, appellant filed a motion requesting the trial court to stay the sale. Appellant noted that advertisements of the sale incorrectly stated that the sale would be held on Tuesday, March 28, 1993. Appellant argued that the incorrect advertisement would "understandably confuse potential buyers and would ultimately affect the price which might be realized from the sale."

One day prior to the sheriff's sale, appellant filed a motion requesting the trial court to stay the sale pending appellant's appeal of his bankruptcy case. Appellant specifically noted that he was appealing the bankruptcy court's award of $120,000 to Rak–Ree. Appellant claimed that in light of his bankruptcy appeal, Rak–Ree's $120,000 claim could not be considered to be a valid claim.

On April 14, 1994, approximately two weeks after the sheriff's sale, Rak–Ree filed a motion for a $45,000 deficiency judgment. In the motion, Rak–Ree noted that the bankruptcy court valued its secured claim at $120,000, but pursuant to a March 29, 1994 agreed entry between Rak–Ree and Farm Credit Services, Rak–Ree would receive only $75,000 from the sheriff's sale. Later that day, the trial court granted Rak–Ree a $45,000 deficiency judgment.

On April 18, 1994, appellant filed copies of advertisements for sale of the land in question. Appellant noted that the first three advertisements incorrectly indicated that the sale would be held on Tuesday, March 28, 1993. The last

advertisement incorrectly indicated that the sale would be held on Tuesday, March 29, *1993*. The sale was held on Tuesday, March 29, 1994.

On May 12, 1994, Farm Credit Services filed a motion for an order confirming the March 29, 1994 sheriff's sale and distributing the proceeds of the sale. On May 19, 1994, the trial court held a hearing on the motion. At the hearing, appellant argued that the advertisements listed the incorrect date for the sheriff's sale. Appellees noted that the property nevertheless sold in excess of its appraised value. Appellees further noted that there was no evidence that anyone who came to the courthouse on Monday, March 28, 1994 and heard the sheriff announce that the sale would be held the next day did not return the next day to bid on the property. After the hearing, the trial court entered an order of confirmation and distribution.

Appellant filed notices of appeal from the clerk of court's March 29, 1994 order of sale, the trial court's April 14, 1994 deficiency judgment, and the trial court's May 19, 1994 order of confirmation and distribution.

I

A

In his third assignment of error in case No. 94 CA 14, addressing the March 29, 1994 order of sale, appellant asserts the trial court did not sign the order of sale. Appellant argues that without the trial court's signature, the order of sale is not a valid court order.

We agree that the Pickaway County Clerk of Court's March 29, 1994 order of sale directed to the Pickaway County Sheriff did not include the trial court's signature. The order, however, was not an order of the court and thus did not require the trial court's signature. The clerk of courts issued the order in compliance with the trial court's June 18, 1993 judgment decree of foreclosure. In that decree, the trial court directed "an Order of Sale to be issued to the Sheriff of Pickaway County, Ohio, directing him to appraise, advertise and sell said real estate according to law."

Accordingly, based upon the foregoing reasons, we overrule the third assignment of error in case No. 94 CA 14 and we dismiss the appeal in case No. 94 CA 8 from the clerk of court's March 29, 1994 order of sale.

B

In the fourth assignment of error in case No. 94 CA 14, appellant asserts that the order of sale did not have a proper time stamp to indicate the date of issue.

First, we once again note that the order of sale was not a court order, but rather was an order of the clerk of courts directed to the sheriff in compliance with the trial court's judgment decree of foreclosure. Second, we note that appellant cites no authority that would require the clerk of courts to place a time stamp on the order of sale at the time the clerk issues the order. The order of sale already includes the date the clerk issued it, the date the sheriff received it, the various dates the sheriff executed the order, and time stamps indicating the receipt date and the return date.

Accordingly, based upon the foregoing reasons, we overrule appellant's fourth assignment of error in case No. 94 CA 14.

## II

### A

In his first assignment of error in case No. 94 CA 14 (the appeal from the order of confirmation and distribution), appellant asserts that the wrong date was advertised for this sale. Appellant contends that although the sheriff advertised the sale for Tuesday, May 28, 1993, the sheriff actually held the sale on Tuesday, May 29, 1994.

We agree with appellant that the trial court abused its discretion by confirming the sale under the circumstances of this case. The advertisements incorrectly listed the date of the sale. R.C. 2329.26 requires the sheriff to give public notice of the time and place of sale:

"Lands and tenements taken in execution shall not be sold until the officer taking them gives public *notice of the time and place of sale,* for at least thirty days before the day of sale, by advertisement in a newspaper * * *." (Emphasis added.)

In *Mellon Fin. Serv. v. Russell* (Mar. 1, 1991), Ashtabula App. No. 90–A–1514, unreported, 1991 WL 26694, the court recognized the importance of advertising the time and place of the sale. The court wrote in pertinent part as follows:

"In *Transamerica Financial Services v. Fitzgerald* (Mar. 1, 1982), Geauga App. No. 987, unreported, 1982 WL 5839, this court stated that the primary purpose of publication is to give notice of the proposed sale. Under this standard, the crucial data which the notice must contain is the time and place of the sale and the identity of the property."

We note that R.C. 2329.27 specifies that all sales made without proper advertisement "shall be set aside."

R.C. 2329.31 provides that trial courts shall confirm a sale if the sale was made in conformity with R.C. 2329.01 through R.C. 2329.61:

"Upon the return of any writ of execution for the satisfaction of which lands and tenements have been sold, *on careful examination of the proceedings* of the officer making the sale, if the court of common pleas finds that *the sale was made, in all respects, in conformity* with sections R.C. 2329.01 to 2329.61, inclusive, of the Revised Code, it shall direct the clerk of the court of common pleas to make an entry on the journal that the court is satisfied of the legality of such sale, and that the officer make to the purchaser a deed for the lands and tenements." (Emphasis added.)

The statute requires a careful examination of the proceedings leading to the sale, and requires assurance that the sale was made, *in all respects,* in conformity with the statutes.

■ If the trial court abuses its discretion by confirming an improper sale, we must reverse the confirmation. *Ohio Sav. Bank v. Ambrose* (1990), 56 Ohio St.3d 53, 55, 563 N.E.2d 1388, 1389. In *Union Bank Co. v. Brumbaugh* (1982), 69 Ohio St.2d 202, 208, 23 O.O.3d 219, 223, 431 N.E.2d 1020, 1025, the court wrote in pertinent part as follows:

"[T]he officer must give public notice of the time and place of sale for at least 30 days before the sale by advertisement in a newspaper published in and of general circulation in the county. R.C. 2329.26. The land cannot be sold for less than two thirds of the appraised value. R.C. 2329.20. There is no statutory dictate that a hearing must be held at this time. If the court, after examining the proceedings taken by the officers, finds the sale was made in conformance with R.C. 2329.01 to 2329.61, inclusive, it shall confirm the sale. R.C. 2329.31. *Where the trial court abuses its discretion in confirming the sale, a reviewing court will reverse that decision.* * * *" (Emphasis added.)

Because the sale in the case *sub judice* did not conform to the applicable statutes in all respects, we must reverse the trial court's decision confirming the sale.

Accordingly, based upon the foregoing reasons, we sustain the first assignment of error in case No. 94 CA 14.

## B

■ In his second assignment of error in case No. 94 CA 14, appellant asserts that the trial court failed to include the Civ.R. 54(B) language "no just reason for delay" in the final judgment. Appellant claims the language is necessary because "there was no valid judgment for Rak–Ree."

We disagree with appellant. Neither the trial court's June 28, 1993, judgment decree in foreclosure nor the trial court's May 19, 1994 order of confirmation and distribution neglected to adjudicate Rak–Ree's rights in the case *sub judice*.

Accordingly, based upon the foregoing reasons, we overrule appellant's second assignment of error in case No. 94 CA 14.

## III

### A

■ In his first assignment of error in case No. 94 CA 10 (the appeal from the deficiency judgment), appellant asserts that the trial court erred by awarding the deficiency judgment without notice and a hearing. Rak–Ree agrees that the trial court issued the deficiency judgment on the same day Rak–Ree filed the motion requesting the judgment. Rak–Ree, however, argues that the deficiency judgment did not become a final appealable order until the trial court filed the order of confirmation and distribution on May 19, 1994. Rak–Ree further argues that appellant failed to oppose the motion prior to May 19, 1994.

We agree with Rak–Ree that the deficiency judgment did not become a final appealable order until the trial court filed the order of confirmation and distribution on May 19, 1994. We also agree with Rak–Ree that appellant failed to oppose the motion prior to that date. We note the record contains no evidence that the trial court erred by granting the deficiency judgment in favor of Rak–Ree.

Accordingly, based upon the foregoing reasons, we overrule appellant's first assignment of error in case No. 94 CA 10.

### B

■ In his second assignment of error in Case No. 94 CA 10, appellant asserts the trial court entered the deficiency judgment "in violation of the material facts in this action." In particular, appellant asserts the trial court should not have relied upon the bankruptcy court's judgment that Rak–Ree's claim is worth $120,000. Appellant notes that since the bankruptcy court's judgment, over $102,000 "has been paid" to Rak–Ree.[1]

We have reviewed the record and find no evidence that over $102,000 "has been paid" to Rak–Ree since the bankruptcy court's judgment setting Rak–Ree's claim at $120,000. As we discussed above, appellant failed to challenge the deficiency judgment prior to the date of the final appealable order in this case. The record

---

1. We note that although appellant argued during the proceedings below that he appealed the bankruptcy court's determination that the Rak–Ree claim was worth $120,000, appellant makes no similar argument on appeal. For that reason, we may assume that appellant did not succeed in his bankruptcy appeal.

contains no evidence to support the argument appellant raises in this assignment of error.

Accordingly, based upon the foregoing reasons, we overrule the second assignment of error in case No. 94 CA 10.

In light of our disposition of appellant's first assignment of error in case No. 94 CA 14, we reverse the May 19, 1994 order of confirmation and distribution and we remand this cause for further proceedings.[2]  We note that depending upon the results of the public sale on remand, the trial court may need to amend the April 14, 1994 deficiency judgment.

*Judgment in case No. 94 CA 14 is reversed, the judgment in case No. 94 CA 10 is affirmed, and the appeal in case No. 94 CA 8 is dismissed.*

STEPHENSON, GREY and PETER B. ABELE, JJ., concur.

---

2. Upon remand the parties should be aware of R.C. 2329.46, which provides in pertinent part as follows:

"Upon the sale of property on execution, if the title of the purchaser is invalid by reason of a defect in the proceedings, he may be subrogated to the right of the creditor against the debtor to the extent of the money paid and applied to the debtor's benefit, and, to the same extent, may have a lien on the property sold, as against all persons, except bona fide purchasers without notice.  This section does not require the creditor to refund the purchase money by reason of the invalidity of such sales."