OPINION
This timely appeal arises from a decision of the Belmont County Common Pleas Court overruling a motion to set aside and vacate a sheriff's sale and a subsequent order confirming the sale. For the following reasons, we affirm the judgment of the trial court.
Daniel Glover and his wife ("Appellees") defaulted on their home mortgage. On July 5, 2000, Citifinancial, Inc. ("Appellant"), the mortgagee, filed a foreclosure action on Appellees' property. The trial court rendered judgment in favor of Appellant totaling $33,090.82, the amount of the outstanding mortgage. The sheriff's department conducted an appraisal of the property and determined that it was worth $9,000.00. The foreclosure sale was scheduled for November 8, 2000, at 10:15 a.m. at the Belmont County Courthouse.
Tom Hazlett ("Hazlett") was retained as local counsel to attend the sale on behalf of Appellant. Hazlett was given instructions on how to bid and the maximum amount to bid. The record reflects that Hazlett arrived at the Belmont County Courthouse on November 8, 2000, shortly after 10:15 a.m. The sale had already taken place by the time Hazlett had arrived.
At a subsequent hearing to set aside the sale, Hazlett testified that, at the time he arrived at the sale, a sheriff's deputy was performing post-sale duties with Harlan Bell ("Purchaser-Appellee"), a third party who had purchased the property at the auction. (Nov. 27, 2000 Tr. 8). Hazlett testified that, after he realized the foreclosure sale had already taken place, he went to the judge's chambers to tell the judge that he felt the sale started prematurely. (Tr. 9). Hazlett stated that he checked his watch against the four courthouse clocks that were visible on the ground level and the basement level and noticed that the clocks were between four and six minutes faster than his watch. (Tr. 9). Later that morning, Hazlett testified that he called the local phone number that gives the time and noticed his watch had the correct time. (Tr. 9).
Purchaser-Appellee stated at the set-aside hearing that he arrived at least thirty minutes early and was the only person who bid on the property. (Tr. 12-13). Purchaser-Appellee stated that after he handed the deputy sheriff the check for the full purchase price amount, he noticed that Hazlett had just arrived. (Tr. 13). Purchaser-Appellee did not testify as to the specific time Hazlett arrived.
Mary Onco, an employee of the Belmont County Sheriff's Office testified that the sale started on time at 10:15 a.m. (Tr. 15-16).
On December 8, 2000, the trial court denied Appellant's motion to set aside the sale.
On January 2, 2001, the trial court filed its judgment entry confirming the sale and ordering distribution of the proceeds. Appellant filed a timely notice of appeal on January 5, 2001.
On January 5, 2001, Appellant filed a motion for stay, which the trial court sustained on February 13, 2001, stating that no further sale or transfer of the real estate could occur pending the outcome of this appeal. On May 17, 2001, Purchaser-Appellee filed a motion to dissolve the stay order, and the motion was sustained the same day.
Appellant asserts three interrelated assignments of error which will be treated together. Appellant asserts:
 "THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION TO SET ASIDE AND VACATE THE SHERIFF'S SALE THAT TOOK PLACE ON NOVEMBER 8, 2000.
"THE TRIAL COURT'S ORDER DENYING APPELLANT'S MOTION TO SET ASIDE AND VACATE THE SHERIFF'S SALE, AND FURTHER ORDERING THE CONFIRMATION OF THE SHERIFF'S SALE, WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND MUST BE REVERSED BECAUSE THE ONLY COMPETENT EVIDENCE INDICATED THAT THE SHERIFF'S SALE TOOK PLACE PRIOR TO THE TIME IT WAS OFFICIALLY NOTICED TO BEGIN.
"THE TRIAL COURT'S ORDER DENYING APPELLANT'S MOTION TO SET ASIDE AND VACATE THE SHERIFF'S SALE, AND FURTHER ORDERING THE CONFIRMATION OF THE SHERIFF'S SALE, SHOULD BE REVERSED AS THE COURT'S ORDER RESULTS IN AN INJUSTICE AND A HARDSHIP TO THE APPELLANT."
The decision to confirm or vacate a sheriff's sale is within the sound discretion of the trial court. Ohio Savings Bank v. Ambrose (1990),56 Ohio St.3d 53, 55. A reviewing court will not disturb the trial court's decision absent an abuse of discretion. Id. The term "abuse of discretion" connotes more than an error of law or judgment; it implies an attitude that is "unreasonable, arbitrary or unconscionable." Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219.
Appellant maintains that R.C. § 2329.27 requires that a sale made without proper advertisement be set aside. Appellant extrapolates from this that if a sheriff's sale takes place before the advertised time, the sale is improper and should not be confirmed, citing Rak-Ree Enterprisesv. Timmons (1995), 101 Ohio App.3d 12, 18. Appellant also argues that the trial court must carefully examine the foreclosure sale proceedings to make sure that the sale conforms with R.C. § 2329.01 to § 2319.61. See R.C. § 2329.61. Appellant contends that because this sale did not conform with R.C. § 2329.27, the trial court abused its discretion when it was confirmed.
Appellant bases his argument on his contention that the trial court's judgment fails to address the irregularities that occurred at the sheriff's sale on November 8, 2000. He claims that his evidence concerning the time the sale actually occurred, as presented at the hearing on the motion to set aside the sale, is uncontroverted. Appellant believes that the trial court abused its discretion because it ignored the evidence that the sale occurred too early. Appellant is referring to Hazlett's testimony that he arrived at the courthouse at 10:15 a.m., the time when the sale was to begin, only to find that the sale had already been completed. Appellant also relies on Hazlett's testimony that all the courthouse clocks were four to six minutes fast.
Appellant also argues that the trial court's decision is against the manifest weight of the evidence, but as we have already pointed out, the proper standard of review in this case is that of abuse of discretion.
Appellant posits that, if this Court does not reverse the trial court's decision, he will suffer an undue hardship. Appellant, relying upon Reedv. Radigan (1884), 42 Ohio St. 292, 293, asserts that one of the objectives of a sheriff's sale is to generate the money due to the creditor. Appellant also notes that the primary purpose of a judicial sale is to protect the interests of the debtor. Society National Bank v.Wolf (April 26, 1991), Sandusky App. No. S-90-13, unreported. Noting that a trial court is not required to confirm a sheriff's sale and has the discretion to set aside and vacate the sale if the sale would create a hardship or sacrifice, Appellant contends that the statutory scheme for foreclosure would be undermined if the present sheriff's sale is upheld.Reed v. Radigan, supra; Ohio Savings Bank, supra, 56 Ohio St.3d at 53.
Appellant's arguments are without merit. Although Appellant insists that Hazlett's testimony about the early start of the sheriff's sale was unrebutted, the record does contain the conflicting testimony of Mary Onco. She testified that she was present at the sale, that she was wearing a watch, and that there were no indications that the sale started early.
The trial court, in determining that the sale did not start early, made a factual determination. "Reviewing courts defer to a lower court's factual determination if it is supported by competent, credible evidence." State ex rel. BSW Development Group v. City of Dayton
(1998), 83 Ohio St.3d 338, 344.
Appellant is correct that a sheriff's sale of property taken in execution that takes place before its advertised time should be set aside. R.C. § 2329.27; Rak-Ree, supra, 101 Ohio App.3d at 18. Nevertheless, we find no abuse of discretion in the confirmation of the sale where the trial court held a fact-finding hearing as to the actual time of the sale and there is competent, credible evidence in the record supporting that the sale was held at the proper time.
Appellant's argument that confirmation of the sale imposed an undue hardship on the parties due to an inadequate sale price is also without merit. Appellant did not raise this argument at the trial court level. Arguments not presented to the court whose judgment is sought to be reversed are generally waived. State ex rel. Quarto Mining Co. v.Foreman (1997), 79 Ohio St.3d 78, 81. Furthermore, none of the cases cited by Appellant concern the situation where an appellate court reversed a trial court's decision to confirm a sheriff's sale, which is what Appellant is asking of this Court.
Appellant's assertion that the sale has resulted in a $30,000 loss for Appellant that would otherwise not have occurred is sheer speculation and not supported by the record. The record reflects that the property was appraised, pursuant to R.C. § 2329.17, at $9,000. The record also reflects that the property was sold at sheriff's sale for not less than two-thirds of its appraised value, pursuant to R.C. § 2329.20. The aforementioned statute, requiring that the property be sold for at least two-thirds of the appraised value, is in itself a legislative attempt to prevent grossly inadequate execution sales from taking place. If Appellant's dispute is with the original appraisal, Appellant was required to have taken this issue up with the trial court at the appropriate time. The present appeal of the trial court's decision confirming the sale is not an appropriate venue for this argument.
Having rejected Appellant's arguments, we hereby affirm the January 2, 2001, Judgment Order of Confirmation of Sale.
Donofrio, J., concurs.
Vukovich, P.J., concurs.