[Cite as *Fifth Third Mtge., Co. v. Rankin*, 2012-Ohio-2806.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

| | | |
|---|---|---|
| FIFTH THIRD MORTGAGE COMPANY, | : | Case No. 11CA8 |
| Plaintiff-Appellee, | : | |
| v. | : | |
| JOHN RANKIN, ET AL., | : | DECISION AND JUDGMENT ENTRY |
| Defendants-Appellants, | : | **RELEASED 05/30/2012** |

APPEARANCES:

John Rankin, Williamsport, Ohio, pro se appellant.

Melissa N. Meinhart and Thomas G. Widman, Manley Deas Kochalski LLC, Columbus, Ohio, for appellee.

FRENCH, J.

{¶ 1} Defendant-appellant, John Rankin ("Rankin"), appeals the Pickaway County Court of Common Pleas' order confirming a sheriff's sale in this foreclosure action initiated by plaintiff-appellee, Fifth Third Mortgage Company ("Fifth Third"). Fifth Third moves this court for an order granting leave to supplement the record and to dismiss this appeal as moot. For the following reasons, we deny Fifth Third's motion and affirm the trial court's judgment.

## I. BACKGROUND

{¶ 2} On July 29, 2010, Fifth Third filed a complaint against Rankin and various other defendants, requesting foreclosure on real property owned by Rankin and located at 324 South Court Street, Circleville, Ohio. Rankin filed a pro se answer, and Fifth Third subsequently moved for summary judgment. The trial court granted Fifth Third's

motion and issued a Judgment Entry and Decree in Foreclosure on December 6, 2010, which this court affirmed.  *See Fifth Third Mtge. Co. v. Rankin*, 4th Dist. No. 10CA45, 2011-Ohio-2757 ("*Rankin I*").

{¶ 3}  On March 1, 2011, while *Rankin I* was pending in this court, the subject property sold at sheriff's sale.  The same day, Rankin, who was the highest bidder, filed a motion to vacate the sheriff's sale for alleged noncompliance with the notice requirements of R.C. 2329.26(A)(1).  On April 8, 2011, the trial court entered a Confirmation Entry of Sale and Distribution of Proceeds ("Confirmation Entry"), and, on April 14, 2011, the trial court denied Rankin's motion to vacate the sheriff's sale.  Rankin filed a timely Notice of Appeal from the Confirmation Entry.

{¶ 4}  On August 5, 2011, Fifth Third moved the trial court for a finding of contempt to vacate the sheriff's sale and Confirmation Entry, for forfeiture of Rankin's deposit, and to preclude Rankin from bidding at a future sheriff's sale, based on Rankin's failure to remit the balance of the purchase price.  The trial court granted Fifth Third's motion the same day.  Rankin appealed the August 5, 2011 order in *Fifth Third Mtge. Co. v. Rankin*, 4th Dist. No. 11CA18 ("*Rankin II*").

## II.  MOTION TO DISMISS

{¶ 5}  Fifth Third filed a motion to dismiss in case No. 11CA18, but clearly intended the motion for this matter, case No. 11CA8.  In its motion, Fifth Third states that this court granted it leave during oral argument, held April 17, 2012, to file a motion to dismiss.  The April 17, 2012 oral argument was for case No. 11CA8.  Fifth Third also argues that Rankin's assignments of error regarding the propriety of the Confirmation Entry, as set forth in case No. 11CA8, are moot because the trial court subsequently

vacated the Confirmation Entry. Finally, Fifth Third had already filed a motion to dismiss in case No. 11CA18. We therefore consider this motion as a motion to dismiss case No. 11CA8.

{¶ 6} Concurrently with this decision, this court has granted Fifth Third's motion to dismiss case No. 11CA18, based on the trial court's lack of jurisdiction to vacate the sheriff's sale and Confirmation Entry while Rankin's appeal from the Confirmation Entry was pending in case No. 11CA8. In addition to dismissing case No. 11CA18, our order in that case vacates the trial court's August 5, 2011 order. Accordingly, the trial court's Confirmation Entry remains in effect, and the matter before us here, case No. 11CA8, is not moot. For these reasons, we deny Fifth Third's motion to supplement the record and dismiss this appeal.

## III.  ASSIGNMENTS OF ERROR

{¶ 7} We now turn to the merits of Rankin's appeal. Rankin asserts the following assignments of error:

> 1. The Trial Court erred by issuing the Confirmation Entry
> * * * and thereby created a collapse of due process by failing
> to require a strict adherence to [R.C.] 2329.26(A)(1)(a)(ii).
>
> 2. The Trial Court erred by issuing the Confirmation Entry
> * * * and thereby created a failure of due process by ignoring
> the requirement of complete service under [R.C.]
> 2329.26(A)(1)(a)(i).
>
> 3. The Trial Court erred by issuing the Confirmation Entry
> * * * and thereby created a failure of due process by refusing
> to set aside the sale as required by [R.C.] 2329.27(B)(1).

Because all of Rankin's assignments stem from the trial court's decision to confirm the sheriff's sale, we address the assignments of error together.

## IV.  DISCUSSION

{¶ 8} R.C. Chapter 2329 sets forth procedures for executing against property. The following provisions are relevant to the parties' arguments in this case.

{¶ 9} R.C. 2329.26(A)(1) sets forth written notice requirements applicable to sales of land on execution, as follows:

> (A) Lands and tenements taken in execution shall not be sold until all of the following occur:
>
> (1)(a) Except as otherwise provided in division (A)(1)(b) of this section, the judgment creditor who seeks the sale of the lands and tenements or the judgment creditor's attorney does both of the following:
>
> (i) Causes a written notice of the date, time, and place of the sale to be served in accordance with divisions (A) and (B) of Civil Rule 5 upon the judgment debtor and upon each other party to the action in which the judgment giving rise to the execution was rendered;
>
> (ii) At least seven calendar days prior to the date of the sale, files with the clerk of the court that rendered the judgment giving rise to the execution a copy of the written notice described in division (A)(1)(a)(i) of this section with proof of service endorsed on the copy in the form described in division (D) of Civil Rule 5.

Division (A)(2) of that section requires the officer taking lands and tenements to give public notice of the date, place, and time of the sale by publication.

{¶ 10} R.C. 2329.31 governs confirmation of foreclosure sales and provides, in relevant part, as follows:

> (A) Upon the return of any writ of execution for the satisfaction of which lands and tenements have been sold, on careful examination of the proceedings of the officer making the sale, if the court of common pleas finds that the sale was made, in all respects, in conformity with sections 2329.01 to 2329.61 of the Revised Code, it shall, within thirty days of the return of the writ, direct the clerk of the court of common pleas to make an entry on the journal that the court is satisfied of the legality of such sale * * *.

{¶ 11} A trial court may set aside a sheriff's sale in accordance with R.C. 2329.27(A) or (B). R.C. 2329.26(B). As relevant here, R.C. 2329.27(B)(1) states as follows:

> Subject to divisions (B)(2) and (3) of this section, all sales of lands and tenements taken in execution that are made without compliance with the written notice requirements of division (A)(1)(a) of section 2329.26 of the Revised Code [and] the public notice requirements of division (A)(2) of that section * * * shall be set aside, on motion by any interested party, by the court to which the execution is returnable.

R.C. 2329.27(B)(3) addresses the effect of a confirmation of sale and provides, in pertinent part, that a confirmation order is deemed to constitute a judicial finding, as follows:

> (i) That the sale * * * complied with the written notice requirements of division (A)(1)(a) of section 2329.26 of the Revised Code and the public notice requirements of division (A)(2) of that section * * *, or that compliance of that nature did not occur but the failure to give a written notice to a party entitled to notice under division (A)(1)(a) of section 2329.26 of the Revised Code has not prejudiced that party;
>
> (ii) That all parties entitled to notice under division (A)(1)(a) of section 2329.26 of the Revised Code received adequate notice of the date, time, and place of the sale of the lands and tenements.

{¶ 12} "[I]t has long been recognized that the trial court has discretion to grant or deny confirmation: 'Whether a judicial sale should be confirmed or set aside is within the sound discretion of the trial court.' " *Ohio Sav. Bank v. Ambrose*, 56 Ohio St.3d 53, 55 (1990), quoting *Michigan Mtge. Corp. v. Oakley*, 68 Ohio App.2d 83 (1st Dist.1980), paragraph two of the syllabus. The trial court's exercise of discretion "must be bottomed upon the factual situations surrounding each sale." *Merkle v. Merkle*, 116 Ohio App. 370, 372 (4th Dist.1961). We review a trial court's decision to confirm or

vacate a sheriff's sale under an abuse of discretion standard. *Commercial Fed. Mtge. Corp. v. Sarson*, 4th Dist. No. 00CA09 (Aug. 29, 2000); *Hall v. Vance*, 4th Dist. No. 08CA16, 2009-Ohio-4945, ¶ 10. "Thus, we must fully examine the proceedings to determine their regularity and will only reverse the trial court's confirmation of the sale if we determine that the trial court's confirmation was unreasonable, arbitrary or unconscionable." *Id*. We are not free to merely substitute our judgment for that of the trial court. *Sarson*.

{¶ 13} Rankin maintains that the trial court erred by confirming the sheriff's sale because Fifth Third failed to comply with the notice requirements of R.C. 2329.26(A)(1)(a). Although he does not dispute his receipt of written notice, Rankin argues that Fifth Third did not serve notice upon his legal counsel in accordance with R.C. 2329.26(A)(1)(a)(i), pursuant to Civ.R. 5(B), which states that, when service is required upon a party who is represented by an attorney of record in the proceedings, service shall be made upon the attorney unless the court orders service upon the party. With respect to R.C. 2329.26(A)(1)(a)(ii), Rankin also argues that Fifth Third failed to file a copy of its Notice of Sale and proof of service with the clerk of court at least seven days before the sale. Rankin contends that, absent compliance with the requirements of R.C. 2329.26(A)(1)(a), confirmation constitutes a violation of his rights to due process.

{¶ 14} Because Rankin inserts the concept of due process into each of his assignments of error, we briefly address the requirements of due process before addressing compliance with the requirements of R.C. 2329.26(A)(1)(a). "[T]he minimum requirement of due process in any judicial deprivation of life, liberty or property is notice

and an opportunity to be heard appropriate to the case." *Cent. Trust Co., N.A. v. Jensen*, 67 Ohio St.3d 140, 142 (1993), citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306 (1950). In *Jensen*, at 143, the Supreme Court of Ohio recognized, in the context of a foreclosure sale, that "notice at least by mail is a constitutional prerequisite to a proceeding that adversely affects a property interest where the interest holder's address is known or easily ascertainable." Thus, notice of a foreclosure sale only by publication is insufficient to satisfy due process to a party to the foreclosure action or a person having an interest therein whose address is known or easily ascertainable. *Id.* at 144; *but see PHH Mtge. Corp. v. Prater*, 12th Dist. No. CA2010-12-095, 2011-Ohio-3640, ¶ 15 (holding that *Jensen* is not so rigid as to forbid an alternative form of notice, so long as the alternative is equally as reliable as mail).

**{¶ 15}** R.C. 2329.26(A)(1)(a)(i) codifies the due-process requirements recognized in *Jensen*. *See Beneficial Ohio, Inc. v. Primero, L.L.C.*, 166 Ohio App.3d 462, 2006-Ohio-1566, ¶ 7 (1st Dist.). In opposition to Rankin's motion to vacate the sheriff's sale, Fifth Third responded to Rankin's claim of noncompliance with R.C. 2329.26(A)(1)(a)(i) by submitting a copy of its Notice of Sale, which contains a certificate of service indicating that Fifth Third mailed the notice to Rankin personally and to all other parties on February 17, 2011. Rankin does not dispute his receipt of the Notice of Sale, but argues that Fifth Third failed to serve notice upon his attorneys.

**{¶ 16}** Although Rankin has acted pro se throughout the vast majority of these proceedings, on January 31, 2011, attorneys Todd H. Neuman and Rick L. Ashton filed a motion, on behalf of Rankin, for reconsideration of the trial court's denial of Rankin's

motion for a stay pending the appeal in *Rankin I*.  Those attorneys also filed a reply in support of that motion on February 11, 2011.  Every other filing by Rankin was pro se.

{¶ 17} Fifth Third admits that its certificate of service does not indicate service of the Notice of Sale upon Neuman and/or Ashton.  Nevertheless, Fifth Third also submitted to the trial court an email, dated February 17, 2011, addressed to Neuman and Ashton.  The email, signed by a paralegal for Fifth Third's attorney, acknowledged the omission of the attorneys from the certificate of service and provided a copy of the Notice of Sale as an attachment.  Fifth Third also represented that it mailed a copy of the Notice of Sale to Neuman and Ashton the same day, upon realizing it had not listed them on the certificate of service.

{¶ 18} Rankin disputes that Fifth Third mailed a copy of the Notice of Sale to Neuman and Ashton and contends that email service is insufficient under Civ.R. 5.  Upon the record before this court, however, we cannot conclude that the trial court abused its discretion by determining that Fifth Third satisfied the requirements of R.C. 2329.26(A)(1)(a)(i).  First, under Civ.R. 5(B), service upon a party's attorney of record is a means of accomplishing service upon the party, and, here, it is undisputed that Rankin, himself, was served via ordinary mail and had actual knowledge of the date, time, and place of the sheriff's sale.  Even assuming that Neuman and Ashton were Rankin's attorneys of record for purposes beyond the motion they filed, this court has held that service upon a party rather than upon the party's attorney, as required by Civ.R. 5(B), is not fatal where the party has actual notice of the filings and attends the noticed proceeding.  *See Schroeder v. Dailey*, 4th Dist. No. 08CA0321, 2008-Ohio-6100, ¶ 8 (holding that the appellant waived any argument related to service upon

herself, as opposed to upon her attorney, where she appeared pro se at subsequent, scheduled hearings).  Moreover, Rankin provided no evidence to contradict Fifth Third's representation that it mailed notice to Neuman and Ashton on February 17, 2011.  In light of the actual service of the Notice of Sale upon Rankin, Fifth Third's assertion that it emailed and mailed a copy of the Notice of Sale to Neuman and Ashton, and the lack of evidence to contradict Fifth Third's assertion, the trial court acted within its discretion to determine that Fifth Third satisfied the requirements of R.C. 2329.26(A)(1)(a)(i).

{¶ 19} Rankin next argues that the trial court erred by confirming and refusing to vacate the sheriff's sale because Fifth Third did not file a copy of its Notice of Sale with the clerk of court at least seven days before the sale, as required by R.C. 2329.26(A)(1)(a)(ii).  It is undisputed that Fifth Third mistakenly mailed its Notice of Sale to the Lucas County Court of Common Pleas for filing and did not file its Notice of Sale with the trial court until it submitted a copy in opposition to Rankin's motion to vacate the sheriff's sale.  Nevertheless, Fifth Third argues that the trial court did not abuse its discretion by confirming the sale because Fifth Third served actual notice to all parties and their counsel, published notice in accordance with statutory requirements, and attempted, in good faith, to file its Notice of Sale with the trial court.  Fifth Third also points out the trial court's awareness, prior to confirmation, that Rankin had been served with notice of the sale and that the sale was properly advertised to the public.

{¶ 20} This court addressed the statutory basis for confirming a foreclosure sale in *Rak-Ree Ents., Inc. v. Timmons*, 101 Ohio App.3d 12 (4th Dist.1995), where we stated that R.C. 2329.31 "requires a careful examination of the proceedings leading to the sale, and requires assurance that the sale was made, *in all respects*, in conformity

with the statutes." (Emphasis sic.) *Id.* at 18. In *Rak-Ree*, the advertisements for the sheriff's sale incorrectly identified the sale date. While the sheriff sold the land at issue on Tuesday, March 29, 1994, the first three advertisements listed the sale date as Tuesday, March 28, 1993, whereas the fourth advertisement listed the date as Tuesday, March 29, 1993. The appellant in *Rak-Ree* filed an unsuccessful motion to stay the sale based on the publication errors and also unsuccessfully opposed a motion to confirm the sale at a hearing prior to confirmation. We concluded that, under the circumstances of that case, the trial court abused its discretion by confirming the sale.

{¶ 21} Despite Rankin's contention that *Rak-Ree* compels reversal here, we find that case distinguishable, both on its facts and because a different statutory provision was at issue. *Rak-Ree* involved a failure of the publication requirement of R.C. 2329.26(A)(2), as opposed to a judgment creditor's failure to file a copy of its notice of sale with the clerk of court under R.C. 2329.26(A)(1)(a)(ii). In *Rak-Ree*, we recognized the importance of advertising the date, time, and place of a sale to give the public notice of the proposed sale. *Id.* at 17, citing *Mellon Fin. Servs. Corp. #8 v. Russell*, 11th Dist. No. 90-A-1514 (Mar. 1, 1991). Our recognition is consistent with the primary goal of a foreclosure sale–to protect the mortgagor's interest while ensuring that secured creditors receive payment for unpaid debt. *See Ambrose* at 56. A corollary purpose is to obtain the maximum amount of money from the sale, which is advanced by maximizing the number of bidders at the sale. *Id.* R.C. 2329.26(A)(1)(a)(ii) serves a different purpose of notifying the court of the judgment creditor's compliance with the written notice requirements of R.C. 2329.26(A)(1)(a)(i) and does not as readily result in prejudice to the judgment debtor.

{¶ 22} The record in *Rak-Ree* demonstrated that the appellant was prejudiced by the errors in advertising the sale. In *Rak-Ree*, the appellant argued, prior to the sale and again prior to confirmation, that the incorrect advertisements would confuse potential buyers and affect the price that might be realized from the sale. Based in part on the sale price obtained at the sheriff's sale in *Rak-Ree*, the trial court entered a $45,000 deficiency judgment against the appellant. In part because this case involves a different statutory requirement, the prejudice suffered by the appellant in *Rak-Ree* is not present here, where Rankin had actual notice of the sale date, attended the sale, and was the highest bidder on the property. Moreover, notice of the sale was properly advertised to the public, as required by R.C. 2329.26(A)(2). Unlike in *Rak-Ree*, all parties and the public were on notice of the date, time, and place of the sale, and the absence of a filing in the trial court would not have negatively affected the sale price of the property and prejudiced Rankin. The parties' filings prior to confirmation notified the court that all interested parties had actual advance notice of the date, time, and place of the sheriff's sale, such that the trial court could determine compliance with R.C. 2329.26(A)(1)(a)(i) despite the absence of a filing pursuant to R.C. 2329.26(A)(1)(a)(ii). We conclude that Fifth Third's mistaken delivery of its notice to the wrong court did not prejudice Rankin.

{¶ 23} Rankin maintains that, regardless of prejudice, R.C. 2329.27(B)(1) mandates the vacation of a sheriff's sale absent strict compliance with R.C. 2329.26(A)(1)(a). While that statute states that all sales made without compliance with the notice requirements of R.C. 2329.26(A)(1)(a) "shall be set aside, on motion by any interested party," the rule is subject to R.C. 2329.26(B)(2) and (3). R.C. 2329.27(B)(3),

regarding the effect of a confirmation order, expressly contemplates that a trial court may confirm a sale despite the lack of strict compliance with R.C. 2329.26(A)(1)(a). R.C. 2329.27(B)(3)(a)(i) provides that confirmation constitutes either a judicial finding that the sale complied with the requirements of R.C. 2329.26(A)(1)(a) "or that compliance of that nature did not occur but the failure to give a written notice to a party entitled to notice under [that section] has not prejudiced that party."  Thus, lack of strict compliance with R.C. 2329.26(A)(1)(a) does not render a confirmation order a per se abuse of discretion.  Rather, a trial court may clearly exercise its discretion to confirm a sale where no prejudice results from a lack of specific compliance with the notice requirements of R.C. 2329.26(A)(1)(a), and R.C. 2329.27(B)(1) does not eliminate that discretion.

{¶ 24} Here, the Confirmation Entry constitutes a judicial finding that, although Fifth Third did not comply with R.C. 2329.26(A)(1)(a)(ii), Rankin was not prejudiced by the lack of compliance.  As a result, R.C. 2329.27(B)(1) does not require that the sheriff's sale be set aside.  Additionally, other Ohio courts have held that " 'the final order of confirmation, having the effect of a final conclusive judgment, cures all such irregularities, misconduct, and unfairness in the making of the sale, departures from the provisions of the decree of sale, and errors in the decree and the proceedings under it.' "  *Citimortgage, Inc. v. Haverkamp*, 12th Dist. No. CA2010-11-089, 2011-Ohio-2099, ¶ 17, quoting *Peoples Liberty Bank & Trust Co. v. Cornett*, 86 Ohio App. 222, 223-24 (1st Dist.1949).

{¶ 25} We have routinely noted that a trial court's discretion whether to confirm a foreclosure sale must be evaluated in light of the factual circumstances of the particular

case, and a trial court's determination in that regard will be reversed only upon an abuse of discretion. *See Hall* at ¶ 10. Ultimately, the record contains no facts from which we may conclude that the trial court acted unreasonably, arbitrarily or unconscionably by determining that confirmation was appropriate, despite the lack of specific compliance with the filing requirement under R.C. 2329.26(A)(1)(a)(ii), where no prejudice arose as a result and all parties had actual knowledge of the date, time, and place of the sheriff's sale. Moreover, Rankin's undisputed notice of the sheriff's sale and his status as the successful bidder at the sale precludes any finding of a due process violation with respect to Fifth Third's compliance or noncompliance with the notification requirements in R.C. 2329.26(A)(1)(a).

## V. CONCLUSION

{¶ 26} For these reasons, we deny Fifth Third's motion to dismiss, overrule each of Rankin's assignments of error, and affirm the judgment of the Pickaway County Court of Common Pleas.

MOTION DENIED;
JUDGMENT AFFIRMED.

**JUDGMENT ENTRY**

It is ordered that the MOTION IS DENIED and the JUDGMENT IS AFFIRMED. Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

* Brown, P.J. & Tyack, J.:  Concur in Judgment and Opinion.


For the Court


BY: _____
          Judith L. French, Judge *


**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**


* Susan D. Brown, P.J., Judith L. French, J., and G. Gary Tyack, J., of the Tenth Appellate District, sitting by assignment in the Fourth Appellate District.