[Cite as *Bank of Am., N.A. v. Brooks*, 2014-Ohio-2714.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| BANK OF AMERICA, N.A., | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2013-11-219 |
| | : | O P I N I O N |
| - vs - | | 6/23/2014 |
| | : | |
| SIMON M. BROOKS, JR., et al., | : | |
| Defendants-Appellants. | : | |


CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2012-04-1280


Lerner Sampson & Rothfuss, Bill L. Purtell, 120 East Fourth Street, Suite 800, Cincinnati, Ohio 45202, for plaintiff-appellee

James R. Douglas, 4600 Prospect Avenue, Cleveland, Ohio 44103, for defendants-appellants, Simon M. Brooks, Jr. and Ruth Brooks


**RINGLAND, P.J.**

{¶ 1} Defendants-appellants, Simon M. Brooks, Jr. and Ruth Brooks, appeal from a decision in the Butler County Court of Common Pleas denying their motion to vacate the order of sale of their property following a grant of foreclosure in favor of plaintiff-appellee, Bank of America, N.A. (BANA). For the reasons outlined below, we dismiss the appeal.

{¶ 2} The Brooks own a property located at 628 DaVinci Drive, Middletown, Ohio, on which they executed a promissory note in the amount of $320,000 and a mortgage. On April

5, 2012, BANA filed a complaint in foreclosure alleging the Brooks had defaulted on the note. BANA filed a motion for summary judgment on December 10, 2012. The trial court sustained BANA's motion for summary judgment and issued a decree of foreclosure on January 22, 2013.

{¶ 3} The judgment and decree of foreclosure provided:

> The Court, upon further consideration, finds that there is due Plaintiff on the promissory note set forth in the Complaint, the principal sum of *Three Hundred Fifteen Thousand Two Hundred Seventy Eight and 82/100 ($315,278.82) Dollars, with interest at the rate of 5% per annum from November 1, 2010, until paid*, together with costs of this action, those sums advanced by Plaintiff for costs of evidence of title required to bring this action, for payment of taxes, insurance premiums and expenses incurred for property inspections, appraisal, preservation and maintenance for which amount judgment is awarded in favor of Plaintiff and against Defendant(s), Simon M. Brooks and Ruth Brooks.

(Emphasis sic.) The judgment and decree of foreclosure also provided: "The court finds that there is no just reason for delay in entering final Judgment." There was no appeal filed from the judgment and decree of foreclosure.

{¶ 4} On June 11, 2013, an order of sale was issued by the clerk at the request of BANA. The sheriff sold the property on September 26, 2013 to BANA for $195,000. On October 1, 2013, the Brooks filed a motion to vacate the order of sale, arguing that they were not properly served with notice of the sheriff's sale and that the judgment entry and decree of foreclosure was not a final appealable order.[1] The trial court issued an "Order and Entry Denying Defendants' Motion to Vacate Order of Sale."

{¶ 5} The Brooks now appeal the "Order and Entry Denying Defendants' Motion to Vacate Order of Sale," asserting a single assignment of error for review.

---

1. The Brooks also filed a motion seeking relief from the underlying judgment and decree of foreclosure under Civ.R. 60(B), which the trial court denied. The Brooks did not appeal from the "Order and Entry Denying Defendants' Motion to Vacate Judgment and Motion for Relief from Judgment."

{¶ 6} THE TRIAL COURT ERRED WHEN IT ISSUED AN ORDER OF SALE ABSENT A FINAL APPEALABLE DECREE IN FORECLOSURE[.]

{¶ 7} The Brooks argue the order of foreclosure was not a final appealable order because it only determined liability and failed to determine damages. The Brooks assert the trial court lacked the authority to issue an order of sale and execute the judgment because it did not specifically list the amounts owed for property protection, property inspection, and appraisal. Nevertheless, we find we lack jurisdiction to hear the present appeal because the "Order and Entry Denying Defendants' Motion to Vacate Order of Sale" from which the Brooks appeal is not a final appealable order.

{¶ 8} Courts of appeals in Ohio have jurisdiction "to review and affirm, modify, or reverse final orders." Article IV, Section 3(B)(2), Ohio Constitution. If an appeal is taken from an order that is not final and appealable, an appellate court has no jurisdiction to review the matter and must dismiss the appeal. *Barber v. Ryan*, 12th Dist. Butler No. CA2010-01-006, 2010-Ohio-3471, ¶ 6. "An order of a court is a final appealable order only if the requirements of both R.C. 2505.02 and, if applicable, Civ.R. 54(B), are met." *State ex rel. Scruggs v. Sadler*, 97 Ohio St.3d 78, 2002-Ohio-5315, ¶ 5. "Final order" is primarily defined in R.C. 2505.02(B), which states: "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of [the orders set forth in R.C. 2505.02(B)(1)-(7) ]." R.C. 2505.02(B)(1) provides that an order is final and appealable when it "affects a substantial right in an action that in effect determines the action and prevents a judgment." Civ.R. 54(B), in turn, allows a judgment to be final when there are multiple parties or claims involved when there is "an express determination that there is no just reason for delay."

{¶ 9} In *CitiMortgage, Inc. v. Roznowski*, ___ Ohio St.3d ___, 2014-Ohio-1984, the Ohio Supreme Court recently clarified orders that are final and appealable in foreclosure

actions. In a foreclosure action, two judgments are appealable, the order of foreclosure and the order of confirmation. *Roznowski* at ¶ 35. Appealing from an order of foreclosure challenges the foreclosure itself. *Id.* at ¶ 39. The judgment decree in a foreclosure action is still a final appealable order even if it "allows as part of recoverable damages unspecified amounts advanced by the mortgagee for inspections, appraisals, property protection, and maintenance but does not include specific itemization of those amounts in the judgment." *Id.* at ¶ 30.

{¶ 10} When appealing from an order of confirmation, however, the rights and responsibilities of the parties can no longer be challenged. *Id.* at ¶ 40. Rather, a party is limited to challenging whether the sale proceedings conformed to law. *Id.* Proper challenges on appeal from an order of confirmation include "computation of the final total owed by the mortgagor, accrued interest, and actual amounts advanced by the mortgagee for inspections, appraisals, property protection, and maintenance." *Id.* In contrast to the above final orders, an order of sale is issued in compliance with a trial court's judgment and decree of foreclosure. *Rak-Ree Ents., Inc. v. Timmons*, 101 Ohio App.3d 12, 17 (4th Dist.1995).

{¶ 11} In this instance, the Brooks are appealing from the "Order and Entry Denying Defendants' Motion to Vacate Order of Sale." This entry does not determine the foreclosure action, nor does it confirm the sale. As an order of sale is only issued in compliance with a trial court's judgment and decree of foreclosure, this entry appealed from did not affect a substantial right of the Brooks. This entry appealed from also does not include Civ.R. 54(B) language. Consequently, the "Order and Entry Denying Defendants' Motion to Vacate Order of Sale" is not a final appealable order, and we lack jurisdiction to hear the Brooks' appeal.

{¶ 12} Appeal dismissed.

PIPER and M. POWELL, J., concur.