[Cite as *Bank of Am., N.A. v. Singh*, 2016-Ohio-639.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| BANK OF AMERICA, N.A., | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2015-07-131 |
| | : | O P I N I O N |
| - vs - | | 2/22/2016 |
| | : | |
| MEET PAL SINGH, et al., | : | |
| Defendants-Appellants. | : | |


CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2011-08-3068


Lerner, Sampson & Rothfuss, Kirk Sampson, Kimberlee S. Rohr, 120 East Fourth Street, 8th Floor, Cincinnati, Ohio 45202, for plaintiff-appellee

Manjit Kaur, 7723 Tylers Place Blvd., #156, West Chester, Ohio 45069, defendant-appellant, pro se


**PIPER, J.**

{¶ 1} Defendant-appellant, Manjit Kaur, appeals the decision of the Butler County Court of Common Pleas confirming a judicial sale and ordering distribution of sales proceeds to plaintiff-appellee, Bank of America.

{¶ 2} In 1992, Meet Pal Singh and Manjit Kaur, as husband and wife, took title to real property in West Chester, Ohio. Approximately eight years later, Singh mortgaged the

property for $168,000. Payments were routinely made under the terms of the note until Singh died in 2008. Shortly after Singh's death, Kaur defaulted on the note.

{¶ 3} In 2011, Bank of America, after becoming the holder of the note and mortgage as a result of merger, initiated a foreclosure action. Kaur filed an answer, setting forth several defenses. Bank of America filed a motion for summary judgment, and Kaur defended by claiming she had not been able to perform adequate discovery. The trial court granted summary judgment in favor of Bank of America after finding that Kaur did not ask for additional time for discovery and that Bank of America was entitled to judgment as a matter of law.

{¶ 4} Kaur appealed the trial court's decision to this court, and raised three assignments of error for our review. *Bank of Am., N.A. v. Singh*, 12th Dist. Butler No. CA2012-07-146, 2013-Ohio-1305, ¶ 4. Within her first assignment of error, Kaur argued that Bank of America failed to comply with several procedural rules by neglecting to have its counsel file a notice of appearance, by incorrectly identifying the trial court judge on some of its filings, and by failing to file a response to her answer in a timely manner. Kaur argued in her second assignment of error that the trial court erred by failing to allow adequate time for discovery prior to ruling on Bank of America's motion for summary judgment and that the trial court erred in only allowing her three days to file a memorandum in opposition to Bank of America's motion for summary judgment. In her final assignment of error, Kaur argued that the trial court erred in overlooking a motion for mediation filed by both parties. We affirmed the trial court's judgment in all respects.

{¶ 5} After our judgment, the trial court ordered a judicial sale of the property, and Bank of America was the high bidder. The trial court then ordered distribution of the proceeds. Kaur now appeals the trial court's confirmation of the judicial sale and disbursement of funds, raising five assignments of error.

{¶ 6} Kaur's assignments of error allege that Bank of America engaged in predatory lending so that summary judgment should not have been granted in favor of Bank of America, the trial court erred by permitting Bank of America to substitute counsel without notice, her attorney was disbarred so that summary judgment should not have been granted in favor of Bank of America, the trial court abused its discretion by overlooking the parties' mediation request, and that Bank of America immediately assigned its winning bid to Fannie Mae after the judicial sale.[1]  However, we need not reach the merits of these arguments, as Kaur's arguments do not challenge the trial court's confirmation of the judicial sale.

{¶ 7} When appealing an order of confirmation, the rights and responsibilities of the parties can no longer be challenged.  *Bank of Am., N.A. v. Brooks*, 12th Dist. Butler No. CA2013-11-219, 2014-Ohio-2714, ¶ 10.  Rather, a party is limited to challenging whether the sale proceedings conformed to law.  *Id.*  As explained by the Ohio Supreme Court,

> The confirmation process is an ancillary one in which the issues present are limited to whether the sale proceedings conformed to law. Because of this limited nature of the confirmation proceedings, the parties have a limited right to appeal the confirmation. For example, on appeal of the order confirming the sale, the parties may challenge the confirmation of the sale itself, including computation of the final total owed by the mortgagor, accrued interest, and actual amounts advanced by the mortgagee for inspections, appraisals, property protection, and maintenance. The issues appealed from confirmation are wholly distinct from the issues appealed from the order of foreclosure. In other words, if the parties appeal the confirmation proceedings, they do not get a second bite of the apple, but a first bite of a different fruit.

*CitiMortgage, Inc. v. Roznowski*, 139 Ohio St.3d 299, 2014-Ohio-1984, ¶ 40.

{¶ 8} Kaur does not raise any challenges to the judicial sale, and instead, continues

---

1. Within this argument, Kaur essentially argues that Bank of America is "still acting" as if it is the owner of the property, rather than Fannie Mae.  Kaur reiterates arguments regarding Bank of America's claim that it is the real party in interest, and challenges which attorney filed a notice of appearance to pursue the writ of possession.  As will be addressed later, these arguments are not validly raised on an appeal from a confirmation sale.

to raise arguments specific to the grant of summary judgment to Bank of America. As previously stated, the rights and responsibilities of the parties underlying the foreclosure action cannot be challenged. Moreover, this court has already addressed most of Kaur's arguments in her first appeal. As such, our decision upholding the summary judgment as valid has become law of the case and Kaur's arguments regarding such are barred by res judicata. *See Washington Mut. Bank v. Wallace*, 12th Dist. Warren Nos. CA2014-02-024 and CA2014-02-031, 2014-Ohio-5317, ¶ 20 ("the decision of a reviewing court in a case remains the law of the case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels"); and *Eagle's View Professional Park Condominium Unit Owners Assn., Inc. v. EVPP, L.L.C.*, 12th Dist. Butler No. CA2014-06-134, 2015-Ohio-1929, ¶ 19 ("res judicata precludes a party from both relitigating issues already decided by a court of competent jurisdiction or raising matters that should have been brought by the party in a prior action involving the same parties").

{¶ 9} Given that each of Kaur's arguments fail to challenge the judicial sale and whether such conformed to law, each of Kaur's assignments of error is overruled.

{¶ 10} Judgment affirmed.

M. POWELL, P.J., and HENDRICKSON, J., concur.